

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

October 25, 1973

The Honorable Ralph D. Spencer, AIA
Executive Director
Texas Board of Architectural Examiners
202 Richmond Building
1411 West Avenue
Austin, Texas 78701

Opinion No. H- 138

Re: The necessity of legis-
lative appropriation of
Architects Registration
Fund 109

Dear Mr. Spencer:

You have asked our opinion on several questions involving the recently passed amendments to the Architects Registration law. (Laws 1973, 63rd Leg., ch. 361, p. 801). The primary question is whether the Texas Board of Architectural Examiners (hereinafter TBAE or the Board) has full responsibility and authority for administering Architects Registration Fund No. 109 without regard to legislative appropriation. Most of your other questions are premised on an affirmative answer to the first inquiry.

Prior to its amendment, Article 249a, § 4(a), Vernon's Texas Civil Statutes, stated:

> "All fees collected which are provided to be charged by virtue of this Act <u>shall be deposited in the State Treasury</u> to the credit of a special fund to be known as 'Architects Registration Fund,' and all expenditures from this fund shall be on order of the Texas Board of Architectural Examiners on warrants issued by the State Comptroller <u>for the purposes and in the amounts fixed by the Legislature of Texas.</u> All disbursements from such fund shall be made only on the written approval or order of the chairman or act-ing chairman, and the secretary-treasurer of such Board, and such disbursements shall not in any way be a charge upon the General Revenue Fund of this State. " (emphasis added)

p. 657

The same section, as amended by the 63rd Legislature, now states:

"All fees collected or money derived under
the provisions of this Act shall be received and
accounted for by the secretary-treasurer.  All of
these funds which are received shall be paid weekly
to the State Treasurer, who shall keep this money
in a separate fund to be known as the Architects
Registration Fund.  This fund shall be paid out only
by warrants of the State Comptroller, upon itemized
vouchers, approved by the chairman or acting chair-
man and attested by the secretary-treasurer of the
Board.  Disbursements shall not in any way be a
charge upon the General Revenue Fund of this State. "
(emphasis added)

In determining whether the Legislature surrendered appropriation
control over the Architects Registration Fund 109, the two important
changes in the law are the omission of the requirement that warrants be
"for the purposes and in the amounts fixed by the Legislature of Texas"
and the substitution of "to the State Treasurer" for "in the State Treasury"
in providing for the disposition of fees collected.

The Texas Constitution specifically restricts the expenditure of
treasury funds to those appropriated by the Legislature.  Article 8, § 6,
provides, "No money shall be drawn from the Treasury but in pursuance
of specific appropriations made by law; nor shall any appropriation be
made for a longer term than two years. . . ."

The Texas Supreme Court has made it clear that there are instances
where funds held by the Treasurer are not treasury funds and, therefore,
need not be appropriated by the Legislature.  The cases which have come
before the Court involved the escheat laws [Manion v. Lockhart, 114 S. W.
2d 216 (Tex.1938)] and the unemployment compensation laws [Friedman v.
American Surety Co. of New York, 151 S. W. 2d 570 (Tex. 1941)].  Both in-
volved money which was held by the treasurer for possible (Manion, supra.)
or ultimate (Friedman, supra. )distribution to an identifiable group of people.

See Attorney General Opinion WW-565 (1959). The Court found the Treasurer to be a trustee.

Architects Registration Fund 109, on the other hand, is used for the general administrative expenses of a state agency. It has little, if any, resemblance to a trust and, notwithstanding the omission of the language concerning legislative appropriation and the substitution of the word "Treasurer" for the word "Treasury, " we do not believe the Legislature intended to establish Fund 109 as a trust fund.

There are other indications of a legislative intent to require continued legislative appropriation supervision over TBAE. The amendments to the Architects Registration Law finally passed the Legislature on May 19, 1973. The General Appropriations Act (House Bill 139, 63rd Leg. ) was passed five days later and contained appropriations for TBAE from Architects Registration Fund No. 109. A specific legislature is deemed to be motivated by the same mind and policy in all it does, and every effort should be made to construe acts of the same legislature so that they are harmonious with each other. Barnes v. State, 170 S.W. 548 (Tex. Crim. 1914). We do not believe that the 63rd Legislature abolished the necessity for appropriation to the TBAE by general law only to enact an appropriation for the Board less than a week later.

Another indication of legislative intent can be found in the House's tape recordings of the committee hearings on H. B. No. 1204, the amending Act. Of course, the views of a legislative committee are not controlling, but they are entitled to consideration. National Carloading Corporation v. Phoenix-El Paso Express, 178 S.W. 2d 133 (Tex. Civ. App. , El Paso, 1943) aff'd 176 S.W. 2d 564, cert. denied 322 U.S. 747 (1944). During those hearings it was specifically represented to the committee that the amendment would not permit the Board to bypass the appropriation procedures. It was stated that the Board did not want any change and would continue to go through the normal appropriation process.

Given the dissimilarity of Architects Registration Fund 109 to the funds involved in Manion, supra., and Friedman, supra., the inclusion of TBAE in the General Appropriations Bill and the testimony given at the committee hearings, it is our opinion that TBAE still is subject to appropriation by the Legislature. Because we have reached our decision on the basis of legislative

intent, we do not reach the question whether, constitutionally, the Legislature could provide for the expenditure of money from Architects Registration Fund 109 without legislative appropriation.

Other of your questions, which are not necessarily premised on a contrary answer to the appropriations question, are:

1. In contracting for services or supplies, office space, equipment, etc., does T. B. A. E. have authority to act independently or must it continue to requisition the Board of Control who, in turn, will advertise for competitive bids and contract for T. B. A. E. ?

2. Does § 3(d) of H. B. 1204 empower T. B. A. E. to incur legal and court costs necessary in enforcement actions?

3. Will the fact that ten percent of the Architects Registration Fund 109 is no longer contributed to the General Revenue Fund cause T. B. A. E. to be subject to charges for services from the State Treasurer, the State Auditor and other state officials and agencies?

Article 664-3, § 5, Vernon's Texas Civil Statutes, states in part:

"The Board [of Control] shall purchase all supplies, materials, services, and equipment used by each Department of the State Government . . . such supplies to include furniture and fixtures, technical instruments and books, and all other things required by the different departments or institutions, including perishable goods. The Board is given legal authority to delegate purchasing functions to agencies of the State. . . . "

In accordance with this section, TBAE must continue to requisition the Board of Control for services, supplies, equipment, etc.

Your question concerning legal fees is answered by Art. 249a, §§ 3(d) and 5(c), as amended by H.B. 1204 (1973), which provide:

> 3(d) "The Board shall cause the prosecution of all persons violating any of the provisions of this Act, and may incur the expense reasonably necessary in that behalf."

> 5(c) "The Texas Board of Architectural Examiners is hereby empowered and authorized to enforce such rules and regulations, the provisions of this Act, and the statutes of this state pertaining to the practice of architecture . . . . The Board may be represented by the Attorney General, the District Attorney, or the County Attorney, and by other counsel when necessary."

We believe these provisions give TBAE authority to incur legal and court costs in enforcement actions. Any funds used for these purposes would come from item 9 of the current appropriation for the Board which provides money for "expenses for enforcement purposes." House Bill No. 139, Article III, p. 21 Of course, money may not be spent for outside legal counsel unless the requirements of Article V § 40 and 41 of the General Appropriations Act are met.

The failure of TBAE to continue to contribute to the general revenue fund will have no effect on charges to the Board for services performed by other state agencies. As in the past, some services will be provided without charge and some will require interagency agreements, but the charges or lack of reimbursement do not depend on the Board's contribution or failure to contribute to general revenue.

### SUMMARY

The Texas Board of Architectural Examiners may spend funds only as authorized by legislative appropriation, notwithstanding 1973 amendments to

Article 249(a), V. T. C. S., by House Bill 1204
(Laws 1973, 63rd Leg., ch. 361, p. 801).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee